IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


SANDY BADGETT, KENNETH FRIELS,      §
and KIMBERLY SETTLOCKER,            §
                                    §
              Plaintiffs,           §
                                    §
v.                                  §        CIVIL ACTION NO. H-05-3624
                                    §
TEXAS TACO CABANA, L.P. and         §
T.C. MANAGEMENT, INC.,              §
                                    §
              Defendants.           §


<u>**MEMORANDUM OPINION AND ORDER**</u>


Plaintiffs, Sandy Badgett, Kenneth Friels, and Kimberly Settlocker, bring this action against defendants, Texas Taco Cabana, L.P. and T.C. Management, Inc., for unpaid wages and overtime and seek to proceed under the representative action provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 <u>et seq.</u>  Pending before the court is Defendants' Motion and Supporting Memorandum of Law in Support of Rule 12(e) Motion for More Definite Statement, or in the Alternative, for Dismissal Pursuant to Rule 12(b)(6) (Docket Entry No. 10).  For the following reasons defendants' motions to dismiss and for more definite statement will be denied.


**I.  Plaintiffs' Allegations**

Plaintiffs allege that Badgett and Friels were employed by Taco Cabana in Houston, Texas, as manager trainees who were called

assistant managers and paid on a salary basis although their primary duties involved working as cashiers, cleaning the store, and serving customers.[1]   Plaintiffs allege that Badgett and Friels often worked seventy or more hours per week without receiving overtime pay and that they, together with a large number of similarly situated employees from around the Houston area, were required to attend lengthy meetings on a monthly basis for which they were not compensated at all.[2]   Plaintiffs allege that Settlocker was employed at more than one Taco Cabana in Houston, Texas, that she was paid on an hourly basis, and that she routinely worked significantly more hours than those for which she was paid.[3] Plaintiffs allege that Taco Cabana

> ordered assistant managers such as Ms. Badgett and Mr. Friels to shave hours from the time reported by the employees, so that the employees were routinely paid for fewer hours than they actually worked.  Taco Cabana also ordered assistant managers to take other steps to reduce hours, such as reporting fictitious lunch breaks for employees.  Taco Cabana also required all three shifts of its employees to work on holidays for four hours but paid them for only one hour.[4]

Plaintiffs assert claims for two violations of the FLSA: (1) a claim for unpaid overtime for assistant managers, and (2) a

---

[1]First Amended Complaint, Docket Entry No. 4, pp. 2-3.

[2]<u>Id.</u> at p. 3.

[3]<u>Id.</u> at pp. 3-4.

[4]<u>Id.</u>

claim for unpaid wages and overtime for regular employees.[5]
Plaintiffs also assert that they wish to proceed as representatives
of similarly situated plaintiffs, as permitted by the FLSA, and
allege that this action involves two distinct classes of employees:
(1) assistant managers and other persons who are similarly situated
to Badgett and Friels and (2) regular employees who are similarly
situated to Settlocker.[6]

## II.  <u>Applicable Law</u>

The FLSA permits employees to bring an action against their
employers for violation of its wage and hour provisions.  <u>See</u> 29
U.S.C. §§ 215-216.  Section 216(b) also permits an employee to
bring an action against his employer on "behalf of himself . . .
and other employees similarly situated.  No employee shall be a
party plaintiff to any such an action unless he gives his consent
in writing to become a party and such consent is filed in the court
in which such action is brought."  29 U.S.C. § 216(b).  Although
the FLSA provides little procedural guidance for representative
actions, the Supreme Court has held that district courts have
discretionary authority to implement the representative action
process by facilitating notice to potential plaintiffs, i.e., to
persons alleged to be "similarly situated" to the named plaintiffs.

---

[5] <u>Id.</u> at pp. 4-6.

[6] <u>Id.</u> at p. 6.

See Hoffman-La Roche, Inc. v. Sperling, 110 S.Ct. 482, 486 (1989)
("district courts have discretion, in appropriate cases, to
implement 29 U.S.C. § 216(b) . . . by facilitating notice to
potential plaintiffs").  The Fifth Circuit has acknowledged that
determining whether a claim should go forward as a representative
action under § 216(b) requires the court to determine that the
plaintiffs are "similarly situated" and that this determination is
generally made by using one of two analyses:  (1) a two-step
analysis described in Lusardi v. Xerox Corp., 118 F.R.D. 351, 359
(D.N.J. 1987), or (2) a "spurious class action" analysis described
in Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo.
1990).  See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th
Cir. 1995) (expressly declining to decide which of the two analyses
is appropriate upon concluding that the plaintiff had failed to
satisfy the standards of either analysis).[7]

A.    **Two-Step Analysis**

In Mooney, 54 F.3d at 1213-1214, the Fifth Circuit explained
that under Lusardi, 118 F.R.D. at 359, the trial court approaches
the "similarly situated" inquiry via a two-step analysis:

> [t]he first determination is made at the so-called
> "notice stage."  At the notice stage, the district court
> makes a decision -- usually based only on the pleadings

---

[7]Although Mooney was an action under the Age Discrimination in
Employment Act (ADEA), it applies here because the ADEA explicitly
incorporates § 216(b) of the FLSA.  See Mooney, 54 F.3d at 1212.

-4-

and any affidavits which have been submitted -- whether
notice of the action should be given to potential class
members.

Because the court has minimal evidence, this determi-
nation is made using a fairly lenient standard, and
typically results in "conditional certification" of a
representative class.   If the district court "condi-
tionally certifies" the class, putative class members are
given notice and the opportunity to "opt-in."  The action
proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a
motion for "decertification" by the defendant usually
filed after discovery is largely complete and the matter
is ready for trial.   At this stage, the court has much
more information on which to base its decision, and makes
a  factual  determination  on  the  similarly  situated
question.   If the claimants are similarly situated, the
district  court  allows  the  representative  action  to
proceed to trial.   If the claimants are not similarly
situated, the district court decertifies the class, and
the opt-in plaintiffs are dismissed without prejudice.
The class representatives -- i.e. the original plaintiffs
-- proceed to trial on their individual claims.

Id. at 1213-1214 (citations omitted).   The court also explained

that "[a]t the notice stage, 'courts appear to require nothing more

than substantial allegations that the putative class members were

together the victims of a single decision, policy, or plan.'"  Id.

at 1214 & n.8 (quoting Sperling v. Hoffman-La Roche, Inc., 118

F.R.D. 392, 407 (D.N.J. 1988), aff'd in part and appeal dismissed

in part, 862 F.3d 439 (3d Cir.), aff'd and remanded, Hoffman-

La Roche, Inc. v. Sperling, 110 S.Ct. 482 (1989)).   Courts in this

district have applied the two-step analysis in FLSA representative

actions when ruling on motions for notice to potential class

members, for conditional class certification, and for limited

-5-

discovery.  See Clarke v. Convergs Customer Management Group, Inc., 370 F.Supp.2d 601 (S.D. Tex. 2005) (Harmon, J.), Johnson v. TGF Precision Haircutters, Inc., 319 F.Supp.2d 753, 754-55 (S.D. Tex. 2004) (Werlein, J.), Villatoro v. Kim Son Restaurant, L.P., 286 F.Supp.2d 807 (S.D. Tex. 2003) (Atlas, J.).

**B.   Spurious Class Action Analysis**

In Mooney, 54 F.3d at 1214, the Fifth Circuit also explained the "spurious class action" analysis described in Shushan, 132 F.R.D. at 263:

> Shushan espouses the view that § 16(b) of the Fair Labor Standards Act (FLSA) merely breathes new life into the so-called "spurious" class action procedure previously eliminated from Fed.R.Civ.P. 23.  Building on this foundation, the court determined that Congress did not intend to create a completely separate class action structure for the FLSA . . . context, but merely desired to limit the availability of Rule 23 class action relief under . . . [the FLSA].  In application, the court determined that Congress intended the "similarly situated" inquiry to be coextensive with Rule 23 class certification.  In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified.  Under this methodology, the primary distinction between a . . . [FLSA] representative action and a Fed.R.Civ.P. 23 class action is that persons who do not elect to opt-in to the . . . [FLSA] representative action are not bound by its results.  In contrast, Rule 23 class members become party to the litigation through no action of their own, and are bound by its results.

Id.  See Camp v. Lockheed Martin Corp., 1998 WL 906915 (S.D. Tex. 1998) (applying both this analysis and the two-step analysis before denying plaintiff's request for conditional class certification).

### III.  __Motion to Dismiss__

Defendants argue that plaintiffs' representative action claims should be dismissed for failure to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) because the First Amended Complaint is "silent on the character-istics of the putative class,"[8] and because plaintiffs "do not allege unifying policies and characteristics of the allegedly similarly situated employees."[9]  Plaintiffs argue that their repre-sentative action claims should not be dismissed because the allegations in their First Amended Complaint satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8.[10]

### A.    __Standard of Review__

Federal Rule of Civil Procedure 8(a) requires a short and plain statement of the claim showing that the plaintiffs are entitled to relief.  Fed. R. Civ. P. 8(a)(2).  If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).  See Fed. R. Civ. P. 12(e).  A Rule 12(b)(6) motion to dismiss for failure to state a

---

[8]Defendants' Motion and Supporting Memorandum of Law in Support of Rule 12(e) Motion for a More Definite Statement, or in the Alternative, for Dismissal Pursuant to Rule 12(b)(6), Docket Entry No. 10, p. 1.

[9]__Id.__ at p. 2.

[10]Plaintiffs' Response to Motion for More Definite Statement, Docket Entry No. 11, pp. 4-5.

claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 998 (2002) (quoting Hishon v. King & Spalding, 104 S.Ct. 2229, 2232 (1984)).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Id. at 997 (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)). See also Conley v. Gibson, 78 S.Ct. 99, 102 (1957) ("[A] complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

## B.  Analysis

Asserting that "Taco Cabana has over 4,000 employees at any one time and issues nearly 7,000 W-2 forms every year to its

current and former employees . . . [that their] restaurants are
over 2,000 miles apart, with units in Houston, San Antonio, [and]
El Paso, [Texas,] Albuquerque, New Mexico, and Tulsa, Oklahoma,
among other places, divided into nineteen management divisions,"[11]
defendants argue that

> [a]s a matter of substantive law . . . the [c]ourt should
> not allow three [p]laintiffs to proceed with a massive
> collective action unless they have a reasonable basis for
> commencing such a substantial undertaking.  As such, in
> the absence of further specificity, the [c]ourt should
> dismiss the three collective action counts pursuant to
> Rule 12(b)(6)."  In no circumstances should three
> isolated [p]laintiffs with brief work histories be
> provided discovery and disclosure rights into an entire
> regional system without affirming through reasonably
> specific allegations, that they have collected sufficient
> information as required by Rule 11 to proceed system-
> wide.[12]

Defendants ask the court to "rule in [their] favor, establish
reasonable pleading standards for this and other FLSA cases and
require the [p]laintiffs to comply with those standards before
moving forward in a collective action."[13]  Plaintiffs respond that
defendants' motion to dismiss should be denied because Rule 8
simply requires a "short and plain" statement of the claim, and
because defendants cite no authority for the proposition that a

---

[11]Defendants' Motion and Supporting Memorandum of Law in
Support of Rule 12(e) Motion for a More Definite Statement, or in
the Alternative, for Dismissal Pursuant to Rule 12(b)(6), Docket
Entry No. 10, pp. 2-3.

[12]Id. at p. 4.

[13]Id. at p. 14.

heightened level of specificity is required for pleading a representative FLSA action.[14]  The court agrees.

Plaintiffs allege that defendants required assistant managers Badgett and Friels, and other similarly situated assistant managers, to work in excess of 40 hours per week without paying them statutory overtime and required them to shave or otherwise reduce the number of reported hours worked by their employees. Plaintiffs also allege that defendants required Settlocker and other similarly situated regular employees to work without compensation.  If plaintiffs produce evidence of these alleged facts, they will be entitled to relief provided by the FLSA.  See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959).  Defendants do not argue and the court does not find that these allegations fail to state a legally cognizable FLSA claim or that no relief could be granted under any set of facts that could be proved consistent with them.  See Swierkiewicz, 122 S.Ct. at 998.  Moreover, defendants do not cite and the court has not found any authority that supports defendants' argument that FLSA representative actions are subject to a heightened pleading requirement.  The cases on which defendants rely all concern motions seeking either leave to notify potential class members or motions to decertify a conditionally certified representative

---

[14]Plaintiffs' Response to Motion for More Definite Statement, Docket Entry No. 11, p. 4.

action.  Accordingly, the court concludes that defendants' motion to dismiss the representative action allegations included in plaintiffs' First Amended Complaint should be denied.

### IV.  <u>Motion for More Definite Statement</u>

Asserting that they "are without any basis to respond to the allegations as stated or to develop affirmative defenses without guessing as to which geographic area, employees, managers, job titles and policies are implicated," defendants argue that "[g]iven the vague allegations and the practical difficulty of a response, the [c]ourt should order a more definite statement pursuant to Rule 12(e)."[15]

### A.  Standard of Review

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," Rule 12(e) permits the party to "move for a more definite statement before interposing a responsive pleading."  Fed. R. Civ. P. 12(e).  In making such a motion, the moving party must "point out the defects complained of and the details desired."  <u>Id.</u>  <u>See also</u> <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or

_____

[15]Defendants' Motion and Supporting Memorandum of Law in Support of Rule 12(e) Motion for a More Definite Statement, or in the Alternative, for Dismissal Pursuant to Rule 12(b)(6), Docket Entry No. 10, p. 4.

does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).").

> In view of the great liberality of Fed.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the [Federal] Rules [of Civil Procedure] that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.

<u>Mitchell</u>, 269 F.2d at 132.

## B. Analysis

Asserting that "[t]he [c]omplaint does not provide notice as to whether 'similarly situated' encompasses specific job titles, locations, or regions,'"[16] defendants argue "that the [c]ourt should order [p]laintiffs to provide sufficient information to identify the geographic scope of the putative class, the characteristics of the allegedly affected employees, and the allegedly unifying policies, formal or informal."[17] Defendants, however, acknowledge that "[t]he allegations relate only to Houston area restaurants, two of more than ten job classifications and, even within Houston, to only a fraction of the Houston area Taco Cabana restaurants."[18] Citing <u>Mitchell</u>, 269 F.2d at 126, plaintiffs argue that defendants' motion for more definite statement should be denied because whether

---

[16]<u>Id.</u> at p. 7.

[17]<u>Id.</u> at p. 16.

[18]<u>Id.</u> at p. 6.

the case may proceed on a representative basis on behalf of other, similarly situated, employees is premature since "Plaintiffs have not yet filed a motion for class notice . . . ."[19]   The court agrees.

Unlike class actions brought under Federal Rule of Civil Procedure 23 in which plaintiffs are required to "opt-out" of the class, representative actions brought under § 216(b) of the FLSA require "similarly situated" plaintiffs to "opt-in."   <u>See</u> <u>LaChappelle v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 288 (5th Cir. 1975) ("Under § 16(b) of FLSA . . . no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent."). Since, moreover, § 216(b) only allows plaintiffs who are "similarly situated" to the named plaintiffs to opt-in, plaintiff's FLSA action can proceed as a representative action only if and when potential plaintiffs "opt in," and plaintiffs show that they are similarly situated to those plaintiffs who "opt in."  <u>See</u> <u>Mooney</u>, 54 F.3d at 1214.  Because the FLSA does not define the term "similarly situated," and because the Fifth Circuit has not yet prescribed a specific method for courts to use in determining whether opt-in plaintiffs are similarly situated to the named plaintiffs, courts apply one of two analyses to make the determination.  <u>See</u> <u>id.</u> at 1213-1214.

_____

[19]Plaintiffs' Response to Motion for More Definite Statement, Docket Entry No. 11, p. 3.

-13-

Defendants do not cite and the court has not found any authority for defendants' argument that the court should order plaintiffs to file a more definite statement to "identify the geographic scope of the putative class, the characteristics of the allegedly affected employees, and the allegedly unifying policies, formal or informal," on which their claims are based. See Fed. R. Civ. P. 8(b) ("A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. . . ").

In Mitchell, 269 F.2d at 126, the Fifth Circuit considered and rejected a similar request for more definite statement. In Mitchell the Secretary of Labor filed an action against an employer alleging violations of the FLSA. Id. at 128. Like the defendants in this action, the Mitchell defendants moved the court to dismiss the Secretary's allegations and/or to order the Secretary to file a more definite statement. Upon concluding that the defendants' motion to dismiss should be denied because the defendants failed to show that the Secretary would not be entitled to relief under any set of facts consistent with the allegations in the complaint, the court considered and denied the defendants' motion for more definite statement. The court explained that

-14-

> we find no statement . . . [i]n the motion to indicate
> why the defendants, from their knowledge of their own
> records and payrolls as well as their operations, would
> be unable to either admit or deny the allegations
> concerning coverage and violations.  On the record, there
> is nothing for the Trial Court's discretion to operate
> on.  It is too plain to require elaboration that if the
> defendants did not in good faith believe that they had
> violated the act, or that their operations were subject,
> in whole or in part to the Act, they could say so by
> denying the allegations in the complaint, and an issue
> would be drawn.    The same would be true if they
> entertained a genuine doubt whether from uncertainty in
> the interpretation of the law or the underlying facts as
> to coverage of one or more employees . . . .  More
> especially if they believed they had violated the Act
> they could say so, and they should be required to do so.
> As to any specific cases as to which the [plaintiffs]
> contend[] there was coverage and had been violations
> which the defendants wished to get further information
> about, they would have ample opportunity to follow Rules
> 26-37 for discovery.    It was just such detailed
> evidentiary information which defendants sought in their
> motion[]. . . . This evidentiary detail was neither a
> proper part of the complaint under F.R.Civ.P. 8 nor was
> it needed to frame a response under Rule 12(e).

Mitchell, 269 F.2d at 132.

Like the motion at issue in Mitchell, the motion filed by the
defendants in this action fails to show why the defendants, from
their knowledge of their own records and payrolls, as well as their
operations, would be unable to either admit or deny plaintiffs'
allegations of FLSA violations.  Therefore, for essentially the
same reasons stated by the Fifth Circuit in Mitchell, the court is
not persuaded that the defendants are unable to answer the
allegations asserted in plaintiffs' first amended complaint absent
additional information regarding "the geographic scope of the

-15-

putative class, the characteristics of the allegedly affected employees, and the allegedly unifying policies, formal or informal."[20]   Moreover, since plaintiffs have stated that they intend to file a motion for class notice that will require them to make a preliminary showing that similarly situated potential plaintiffs exist, the court is persuaded that the issues raised by defendants in their motion for more definite statement can and will be addressed then.   See Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D. 303 (D. Colo. 1998) (demonstrating that discovery orders can be tailored to prevent the types of abuse defendants fear).[21]

### V.   Conclusions and Order

For the reasons explained above, Defendants' Rule 12(e) Motion for More Definite Statement, or in the Alternative, for Dismissal Pursuant to Rule 12(b)(6) (Docket Entry No. 10) is **DENIED**.

**SIGNED** at Houston, Texas, on this 14th day of February, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[20]Defendants' Motion and Supporting Memorandum of Law in Support of Rule 12(e) Motion for a More Definite Statement, or in the Alternative, for Dismissal Pursuant to Rule 12(b)(6), Docket Entry No. 10, p. 16.

[21]Id. at p. 6 (acknowledging that "[t]he allegations relate only to Houston area restaurants, two of more than ten job classifications and, even within Houston, to only a fraction of the Houston area Taco Cabana restaurants").