UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDY BADGETT, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-3624 |
| | § | |
| TEXAS TACO CABANA, L.P., *et al.*, | § | |
|     *Defendants*. | § | |

**MEMORANDUM AND ORDER**

This is a Fair Labor Standards Act case involving overtime compensation. The defendants, Texas Taco Cabana, L.P. and T.C. Management, Inc. (collectively "Taco Cabana"), object to certifying this matter as a "collective action" under section 16(b) of the FLSA. The plaintiffs move to assert claims on behalf of similarly situated "Restaurant Managers" employed by Taco Cabana. They further seek leave to notify these employees of their right to join this lawsuit for claims of unpaid overtime compensation. Magistrate Judge Johnson previously denied the plaintiffs' motion for certification on May 31, 2006, but considered and granted the plaintiffs' renewed motion on September 28th. The defendants' motion for a stay and reconsideration of this ruling was granted in part on October 4th. Both parties have objected to the Magistrate Judge's ruling of October 4. A hearing was held on these objections on October 10, 2006. For the reasons following, the plaintiffs' motion to certify this as a collective action and for court-ordered notice is denied.

**LEGAL STANDARDS**

Section 16(b) of the FLSA[1] permits an employee to bring suit against an employer "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a

---

[1] 29 U.S.C. §§ 201, *et seq*.

standard class action under Federal Rule of Civil Procedure 23(c), section 216(b) provides an "opt-in" rather than "opt-out" procedure. *See Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003) (relying on *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)); *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 399 (E.D. Tex. 1999). Courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to opt-in to the suit. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 168-70 (1989); *Jackson v. City of San Antonio*, 220 F.R.D. 55, 62 (W.D. Tex. 2003). The standard for this "collective action" notice is more lenient than that for a class action. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).[2]

While the Fifth Circuit has not endorsed a particular method for this process,[3] the more commonly used method,[4] and the one utilized by other courts in the Southern District of Texas, is the "two-stage" *Lusardi* method.[5] The two stages are the "notice stage," and if necessary, the "decertification stage." In the first, or "notice" stage, the court initially determines whether the proposed class members are similarly situated. *Mooney*, 54 F.3d at 1213. At this stage, the

---

[2] Although *Mooney* was an ADEA case, section 16(b) is incorporated into that statute (29 U.S.C. § 626(b)), and thus the *Mooney* court's analysis is applicable to FLSA collective actions.

[3] *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995).

[4] *See, e.g., Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. 2002); *see also Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

[5] *See, e.g., Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003) (J. Atlas); *Aguirre v. SBC Communications, Inc.*, 2006 WL 964554 (S.D. Tex. 2006) (J. Rosenthal); *Paisley v. Lincoln Prop. Co.*, H-04-4173, Dkt. 13 (S.D. Tex. 2005) (J. Hittner); *Gardner v. Associates Commercial Corp. & Assocs. Corps. of N. Am.*, H-00-3889, Dkt. 12 (S.D. Tex. 2000) (J. Harmon).

>district court makes a decision–usually based only on the pleadings and any affidavits which have been submitted–whether notice of the action should be given to potential class members.
>
>Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.* at 1213-14 (citation omitted). At the notice stage, "'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.'" *Id.* at 1214 n.8 (citation omitted). Nevertheless, the plaintiff bears the burden of proof of making a preliminary factual showing that a similarly situated group of potential plaintiffs exist. *See H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999); *D'Anna v. M.A.-Com, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995). "Courts who have faced the question whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted . . . ." *Housden*, 186 F.R.D. at 400 (citations omitted). Thus, while the standard at this stage is lenient, it is not automatic.[6]

The second stage is typically initiated by a motion for "decertification" by the defendant after discovery is largely complete. *Mooney*, 54 F.3d at 1214. If the additional claimants are similarly situated, the court allows the representative action to proceed. *Villatoro v. Kim Son Rest., L.P.*, 286

---

[6] For instance, there were 115 FLSA cases filed in 2005 in the Southern District of Texas purporting to be "collective actions." Only seventeen, however, were certified as appropriate for collective action status. *See* Scott Lemond and Rob Carty, *The Suddenly* En Vogue *FLSA: After 50 Years as a Wallflower, She's Finally Ready to Dance*, THE HOUSTON LAWYER, Sept./Oct. 2006, at 14.

3

F. Supp. 2d 807, 809 (S.D. Tex. 2003). If the claimants are not similarly situated, the court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id.*

Whether employees are "similarly situated" for purposes of the FLSA is determined in reference to their "job requirements and with regard to their pay provisions." *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). A plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). However, at least some evidence beyond unsupported factual assertions of a single decision, policy, or plan should be presented. *Housden*, 186 F.R.D. at 400.

## ANALYSIS

The plaintiffs contend that Taco Cabana has been mis-classifying its "Restaurant Managers" as exempt from overtime compensation. The plaintiffs assert that despite the moniker, Taco Cabana "Restaurant Managers" are not management employees exempt from the overtime provisions of the FLSA;[7] instead, they claim that Restaurant Managers do the same work as hourly line workers—cooking food, acting as cashiers, and cleaning floors, food areas, and tables, but are not paid the statutorily required premium on those hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(1).

There are three named plaintiffs in this action: Sandy Badgett; Kenneth Friels; and Kymberly Settlocker. Settlocker is an hourly employee whom the plaintiffs acknowledge is not representative

---

[7] Section 13(a)(1) of the FLSA exempts employees occupying "bona fide executive, administrative, or professional" position from the overtime requirements. 29 U.S.C. § 213(a)(1).

of the Restaurant Manager classification issue. Her status requires no further examination at this point. Kenneth Friels has been largely uninvolved and out of communication with his counsel for extended periods during this litigation and it is not entirely clear whether he remains in the case. Counsel for the plaintiffs represent that he has recently re-involved himself in this matter by answering interrogatories. In any event, he has offered no declaration on whether there are employees similarly situated to himself.

The evidence submitted by the plaintiffs that there is a class of similarly situated employees warranting certification of this case as a "collective action" comes down to two statements: one by plaintiff Sandy Badgett, the other by non-party Daniel Riddle. Badgett declared that "There were other Restaurant Managers at each of the Taco Cabana locations where I worked, who worked under the same terms and conditions as me. They performed the same or similar work functions as me, and like me they were not paid overtime."[8] She apparently worked at three Taco Cabana locations—those numbered 177, 252, and 268.[9] Riddle declared much the same thing: "There were other Managers at each of the Taco Cabana locations where I worked, who worked under the same terms and conditions as me. They performed the same or similar work functions as me, and like me they were not paid overtime."[10]

On September 26, 2006, two days before the second hearing on the collective action issue, the plaintiffs also filed the declaration of Reginald White.[11] White maintains that he too was a

---

[8]   Dkt. 21, Ex. 2.

[9]   *See* Dkt. 40, Ex. B (Affidavit of Mark Fisher).

[10]  Dkt. 21, Ex. 3.

[11]  *See* Dkt. 42, Ex. A.

former Restaurant Manager for Taco Cabana, and that he too engaged mostly in manual labor without the benefit of overtime compensation. The parties disagree as to when White worked at Taco Cabana, but agree that it was long enough ago that White is precluded by the statute of limitations from bringing an overtime suit against the defendants. He is thus not a similarly situated employee who could opt-in to this action. Nor has he offered any substantiated allegation of others similarly situated beyond offering one name of another former employee likewise precluded by limitations from joining this suit.

Thus, there is one Restaurant Manager plaintiff who has been active in this litigation, plus an additional former Taco Cabana Restaurant Manager who asserted five and a half months ago that he had an interest in joining this suit, but never did so. Even under the fairly lenient standards for maintaining a collective action under the FLSA, the plaintiffs have not demonstrated a real basis for their allegation that there are similarly situated employees, and certainly not a "class" of such employees warranting proceeding with this case as a collective action. White is not a potential plaintiff. Riddle is a potential plaintiff should this case be certified, but not apparently a particularly eager one. Apart from Riddle, Badgett's allegation of other potential plaintiffs has been unsubstantiated with any facts. This, despite a generous extension of the class notice deadline, a total of three hearings on the issue, an express invitation to take depositions by the Magistrate Judge (which was declined by the plaintiffs), and nearly a year's investment in this litigation.[12]

Moreover, even the solitary identified "opt-in" (Riddle) is questionable. Riddle made his declaration on May 3, 2006.[13] This was a month before the deadline for joining new parties. He

---

[12] This case was filed in October 2005.

[13] *See* Dkt. 21, Ex. 3.

never sought to intervene in this case or bring an action on his own behalf, despite the fact that Riddle quit working for Taco Cabana in 2005 and his potential recovery under the FLSA is diminishing with each passing day. Therefore, while Riddle may be similarly situated to Badgett with respect to his job duties as a Restaurant Manager, he does not appear similarly situated in his desire to actively pursue any FLSA claim.

Thus, the court concludes that the plaintiffs have not met their burden of proof even under the lenient standard set forth in *Mooney*. Accordingly, the plaintiffs' motion to certify this as a collective action and for court-ordered notice (Dkt. 34) is DENIED.

Signed on October 12, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge